UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

John M. Griffin

    v.                          Civ. No. 24-cv-239-SE-AJ

Hon. Alan C. Stout, et al.

**REPORT AND RECOMMENDATION**

    Self-represented plaintiff John M. Griffin, a New Hampshire resident, has sued a Federal Bankruptcy Court Judge and several attorneys involved in proceedings in the United States Bankruptcy Court for the Western District of Kentucky, in which Mr. Griffin was a creditor. See Compl. (Doc. No. 1); Am. Compl. (Doc. No. 7) (collectively "Complaint")[1]; see also In Re: US Cavalry Store, Inc., No. 13-31315, Order (Doc. No. 757) at 1 n.1 (Bankr. W.D. Ky. Mar. 13, 2024) ("the Kentucky case"). Mr. Griffin's complaint is before the undersigned magistrate judge for preliminary review. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

**STANDARD OF REVIEW**

    The magistrate judge conducts a preliminary review of pleadings, like Mr. Griffin's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the

---

[1] Mr. Griffin incorporated the allegations in his original complaint into his amended complaint.

district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

### Factual Background and Prior Proceedings

This lawsuit stems from Mr. Griffin's participation in two other suits. First, as mentioned above, Mr. Griffin was a creditor in the Kentucky case. Previously, he was a plaintiff in a Georgia state court suit, which was resolved against him, both on summary judgment at the trial court, and again on appeal. See Griffin v. U.S. Cavalry, Inc., Civ. No. 10-CV-127, Order on Summary Judgment, (Ga. Super., Chattahoochie Cnty. Sept. 14, 2018), app. dismissed, No. A19A0941 (Ga. Ct. App. Apr. 30, 2019) ("the Georgia case").

In 2023, towards the end of the Kentucky bankruptcy proceedings – which commenced in 2013 -- an issue arose as to the disposition of a cache of the debtor's business records being kept in a storage facility. The Bankruptcy Court judge, a defendant in this case, described the chronology as follows:

> Over ten years after the filing of this bankruptcy case, on May 3, 2023, Ms. Bryant filed a Motion to Authorize Destruction of Records wherein she indicated that the estate was holding business records dating back to 1992. Ms. Bryant sought authority to destroy these records.
>
> On May 6, 2023, Mr. Griffin filed a pro se objection to the motion stating that he needed some of the records in regard to state court litigation in Georgia. Specifically, he stated that "he would have won his case in Georgia if [his] lawyer had exercised his rights to collect and process the case-related documents originally ... ." From such statement, it appeared that the Georgia state court case had concluded with a result not in Mr. Griffin's favor.
>
> The Court conducted a hearing on the motion on June 13, 2023, at which time the Court passed the hearing to July 11, 2023. As stated above, Mr. Guilfoyle entered his appearance for Mr. Griffin on July 5, 2023. At the July 11, 2023 hearing, the parties announced to the Court they were working to a resolution of the motion. Consequently, the Court continued the hearing until August 10, 2023.
>
> That August hearing was later passed on motion by Ms. Bryant to September 12, 2023. That hearing, however, was later continued on motion by Mr. Griffin, wherein he stated that "the parties are working on an agreement to allow John Griffin to inspect files." The motion was re-set for hearing on October 3, 2023.
>
> On September 19, 2023, Mr. Griffin again filed a motion to continue. Again, Mr. Griffin indicated that the parties were working on an agreement to allow him to inspect the files. The Court granted that motion to

> continue and passed the hearing to November 9, 2023. Due to a scheduling issue, the hearing was later moved up to November 6, 2023.
>
> At the November 6, 2023 hearing, the Court was again advised that the parties were working toward a settlement but that one had not yet been reached. The Court passed the hearing to December 5, 2023, at which time the Court was again told that the parties were still working toward a resolution. Consequently, the Court again continued the hearing to February 8, 2024.
>
> At the February 8, 2024 hearing the parties again announced that no resolution had been reached. Because of the length of time that this motion had been pending, and because Mr. Griffin had not established that he had any right to these documents, and because the estate was incurring a cost in storing the records, the Court decided to grant Ms. Bryant's motion. On February 9, 2024, the Court entered its order granting Ms. Bryant's motion and authorizing the records to be destroyed.

In Re: US Cavalry Store, Inc., No. 13-31315, Order on Motion (Bankr. W.D. Ky. Mar. 13, 2024) (Doc. No. 757).

The Bankruptcy Court denied Mr. Griffin's various requests to reconsider its order authorizing document destruction or to review the documents in camera. Id.; see also Mar. 26, 2024 Order (Doc. No. 768). On May 6, 2024, the Bankruptcy Appellate Panel of the Sixth Circuit Court of Appeals dismissed Mr. Griffin's appeal as untimely filed. See In re: US Cavalry Store, Inc., No. 24-8006, Order (B.A.P. 6th Cir. May, 6, 2024) (Doc. No. 9). That court similarly denied Mr. Griffin's motion to reconsider. Id. (Doc. No. 11).

4

Mr. Griffin pursued no further appeals of the Bankruptcy Court's order. He commenced this suit on August 1, 2024. Compl. (Doc. No. 1). The undersigned subsequently recommended denial of Mr. Griffin's request for a preliminary injunction (Doc. No. 5). Judge Elliott approved that recommendation on September 13, 2024. (Doc. No. 8).

In addition to Judge Stout, the defendants are three attorneys, Lisa K. Bryant, Sandra D. Freeburger, and James. F. Guilfoyle, and the law firms where they are employed. Attorney Bryant's firm is located in Louisville, KY. Attorney Freeburger's firm is located in Henderson, KY. Attorney Guilfoyle's firm is located in New Albany, Indiana. Pltf. Mot. (Doc. No. 3) at 3.[2]

## Discussion

A. Venue

None of the defendants are located in New Hampshire, and all of Mr. Griffin's claims are based on the defendants' actions (or inaction) during the Kentucky bankruptcy proceedings.[3] This

---

[2] Louisville and Henderson, KY are both within the geographic confines of the Western District of Kentucky, headquartered in Louisville. https://www.justice.gov/usao-wdky/about/district (last accessed May 23, 2025). New Albany, Indiana is immediately across the Ohio River from Louisville.

[3] Mr. Griffin asserts claims of legal malpractice, negligence, perjury, fraud upon the court, tampering with evidence, abuse of discovery, obstruction of justice, fraudulent

5

raises the question of whether the District of New Hampshire is the proper venue for this suit. Accordingly, before turning to the legal sufficiency of Mr. Griffin's claims the court addresses the venue issue.[4]

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case. "In most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." Leroy v. Great W. United Corp., 443 U.S. 173, 183–84 (1979) (emphasis in original). The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial

---

misrepresentation, professional conduct and judicial canon violations, slander and defamation. Am. Compl. (Doc. No. 7) at 1

[4] The court can address the venue issue sua sponte where the defense of improper venue is "'obvious from the face of the complaint and no further factual record is required to be developed . . . .'" Cox v. Rushie, No. CA 13-11308-PBS, 2013 WL 3197655 at *4 (D. Mass. June 18, 2013) (quoting Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006)); see also Algodonera De Las Cabezas, S.A. v. Am. Suisse Capital, Inc., 432 F.3d 1343, 1345 (11th Cir. 2005).

> district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Based on the allegations in the complaint, it is clear that none of the requirements of section 1391(b) are satisfied. The defendants all reside outside New Hampshire; none – or a minuscule fraction – of the events giving rise to Mr. Griffin's claims took place in New Hampshire[5]; and, as explained below, this action can be properly brought in another district.

One of the defendants is a United States Bankruptcy Judge. Giving the self-represented plaintiff's complaint every reasonable inference, it is possible that Mr. Griffin is attempting to invoke a different venue provision applicable to suits against certain Federal defendants. Pursuant to 28 U.S.C. § 1391(e)(1):

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof

---

[5] Mr. Griffin's legal malpractice claim against Attorney Guilfoyle and his law firm is based on Attorney Guilfoyle's alleged failure to take certain actions during the Kentucky case. Am. Compl. (Doc. No. 7) at 49-54. Even assuming that Mr. Griffin communicated from New Hampshire to Attorney Guilfoyle, there is nothing in the complaint to suggest that a "substantial part of the events or omissions giving rise to the claim occurred" in New Hampshire, as section 1391(b) requires for venue to be proper in this court.

7

>   acting in his official capacity or under color of
>   legal authority, or an agency of the United States, or
>   the United States, may, except as otherwise provided
>   by law, be brought in any judicial district in which
>   (A) a defendant in the action resides, (B) a
>   substantial part of the events or omissions giving
>   rise to the claim occurred, or a substantial part of
>   property that is the subject of the action is
>   situated, or (C) the plaintiff resides if no real
>   property is involved in the action. Additional persons
>   may be joined as parties to any such action in
>   accordance with the Federal Rules of Civil Procedure
>   and with such other venue requirements as would be
>   applicable if the United States or one of its
>   officers, employees, or agencies were not a party.

While Judge Stout is, of course, a Federal Judge, courts that have analyzed the language "officer or employee of the United States" are in agreement that it applies only to officers and employees of the executive branch. See King v. Russell, 963 F.2d 1301, 1303-04 (9th Cir. 1992) (holding that § 1391(e) applies only to executive branch officials, and not to bankruptcy court officers); Duplantier v. United States, 606 F.2d 654, 663-64 (5th Cir. 1979) (holding that § 1391(e) applies only to executive branch officials, not a federal judge or chairman of judicial ethics committee). Both the Fifth and Ninth Circuits relied upon the reasoning of the Second Circuit in Liberation News Service v. Eastland, 426 F.2d 1379 (2d Cir. 1970), in which a press association brought suit against ten United States senators, chief counsel of a Senate subcommittee, and other defendants. Analyzing the legislative history of § 1391(e), the court determined that in identifying officers and

employees of the United States, "Congress was thinking solely in terms of the executive branch." Id. at 1384; see also, Laws. for Fair Reciprocal Admission v. United States, No. CV 22-2399, 2023 WL 145530, at *3 (D.N.J. Jan. 10, 2023) ("Defendants rightly highlight that § 1391(e) only applies to lawsuits against agencies and employees of the *executive* branch.") (emphasis in original), cert. denied before judgment, 144 S. Ct. 389 (2023); Int'l Fed'n of Pro. & Tech. Eng'rs v. United States, 934 F. Supp. 2d 816, 822 (D. Md. 2013) ("Every court that has examined the issue has concluded that § 1391(e) applies only to actions against executive branch officials . . . ."), aff'd sub nom. Int'l Fed'n of Pro. & Tech. Eng'rs v. Haas, 599 F. App'x 477 (4th Cir. 2014).[6,7]

---

[6] The First Circuit addressed a different aspect of section 1391(c) in Driver v. Helms, 577 F.2d 147, 153 (1st Cir. 1978), rev'd sub nom. Stafford v. Briggs, 444 U.S. 527 (1980). Though recognizing that the Second Circuit had limited application of the statute to the executive branch in Liberation News Service, the court noted that precise issue was not before it. Id. at 153 n.17.

[7] Even if Judge Stout is considered a "federal official," for purposes of this statute, venue would not lie in this District because section 1391(e) only allows non-federal defendants to be joined if the suit satisfies the "other venue requirements as would be applicable if the United States or one of its officers, employees or agencies were not a party." As noted above, those requirements are not satisfied in this case.

B. Transfer

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The court may order such a transfer sua sponte. Lewis v. Hill, 683 F. Supp. 3d 137, 151 (D. Mass. 2023) (citing Desmond v. Nynex Corp., No. 94-1230, 37 F.3d 1484, 1994 WL 577479, at *3 (1st Cir. Oct. 20, 1994) (per curiam) (unpublished)). "[B]est practice is to 'make that possibility known to the parties so they may present their views about the desirability of transfer and the possible transferee court[.]" Lewis v. Hill, 683 F. Supp. 3d 137, 151 (D. Mass. 2023) (quoting 15 Charles Alan Wright et al., Federal Practice and Procedure § 3844, at 47, 50 (4th ed. 2013). The time to object to a Magistrate Judge's Report and Recommendation is sufficient notice. See Wilkinson v. Sec'y, Fla. Dep't of Corr., 622 F. App'x 805, 808-09 (11th Cir. 2015); Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998); Castro-Mota v. Clark, No. 2:24-CV-0214, 2024 WL 1660133, at *2 (W.D. Pa. Mar. 4, 2024), report and recommendation adopted, No. 24-CV-214, 2024 WL 1657398 (W.D. Pa. Apr. 17, 2024); see also See Cok v. Fam. Ct. of Rhode Island, 985 F.2d 32, 35 (1st Cir. 1993) (observing that adequate notice may be provided by a magistrate judge's report

and recommendation, to which a party may object prior to the issuance of an order by the district judge) (citing Pavilonis v. King, 626 F.2d 1075, 1077 (1st Cir. 1980)).

As previously noted, section 1406(a) requires dismissal of a case brought in the wrong venue, but allows transfer "in the interests of justice" to a court where the action could have been brought. Because "[o]ur judicial system zealously guards the attempts of pro se litigants on their own behalf," the court finds that the interests of justice favor transfer over dismissal. Tomas v. Buckley, No. 19-CV-12079-ADB, 2020 WL 2616304, at *5 (D. Mass. May 22, 2020) (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997)). The court further finds that the Western District of Kentucky, where almost all the events underlying this lawsuit took place, and where almost all the defendants are located,[8] is a suitable transferee court.

## Conclusion

Based on the foregoing, the district judge should transfer this case to the Western District of Kentucky, unless Mr. Griffin, in objecting to this Report and Recommendation, shows

---

[8] Although defendant Guilfoyle and his firm are located in Indiana, that location is adjacent to the Western District of Kentucky. In addition, the fact that Attorney Guilfoyle represented Mr. Griffin in that District, defending this case there would not appear to work a substantial hardship on the attorney or his firm.

11

cause why the matter should not be transferred, or should be transferred to a different District. If this Report and Recommendation is accepted, the district judge should direct the Clerk's Office to transfer the case to the Western District of Kentucky for further proceedings.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                                                                              _____
                                                                                                               Andrea K. Johnstone
                                                                                                               United States Magistrate Judge

Date: May 27, 2025

cc: John M. Griffin, pro se