UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00385-GNS

JOHN M. GRIFFIN                                                    PLAINTIFF

v.

US BANKRUPTCY COURT – KY, JUDGE et al.                            DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 58) and Plaintiff's Objection (DN 62) to the United States of America's Notice of Substitution (DN 57). The motion and objection are ripe for adjudication.

### I.      BACKGROUND

In 2010, Plaintiff John M. Griffin ("Griffin") was attending training at Fort Benning as an employee of a civilian defense contractor when he assisted three translators shopping at the U.S. Calvary Store ("Calvary"). (Am. Compl. 3-4, DN 19). Two Calvary employees purportedly made defamatory statements about their interaction with Griffin, which resulted in his termination. (Am. Compl. 4).

On September 30, 2010, Griffin filed a *pro se* lawsuit against Calvary and two individuals in Chattahoochee County Superior Court (Georgia). *See In re US Cavalry Store, Inc.*, No. 13-31315, Griffin's Response to Liquidating Trustee's First Omnibus Objection to Claims Order on Motion 7-8 (Bankr. W.D. Ky. Mar. 13, 2024) (DN 511). Griffin asserted a single claim for tortious inference with a contractual/employment relationship against those defendants. *See In re US Cavalry Store, Inc.*, No. 13-31315, Response to Liquidating Trustee's First Omnibus Objection to Claims Order on Motion 11-12 (Bankr. W.D. Ky. Mar. 13, 2024) (DN 511).

1

On March 28, 2013, Cavalry filed a Chapter 11 bankruptcy petition in the U.S. Bankruptcy Court for the Western District of Kentucky, before Judge Alan C. Stout ("Judge Stout"), the presiding judge.  *See In re U.S. Calvary Store, Inc.*, No. 13-31315 (W.D. Ky. Bankr.). Attorney Sandra Freeburger from Dietz, Shields, & Freeburger, LLP (jointly, "Freeburger Defendants") was debtor's counsel, and Attorney Lisa K. Bryant from Tilford, Dobbins & Schmidt, PLLC (jointly, "Bryant Defendants") served as a liquidating trustee for the US CAV Creditor Trust.  Griffin was a creditor in the bankruptcy action.

On September 14, 2018, the Chattahoochee County Superior Court dismissed Griffin's claims with prejudice.  *See Griffin v. U.S. Calvary, Inc.*, No. 10-CV-127, Order 31 (Chattahoochee Cnty. Sup. Ct. Sep. 14, 2018), https://www.chattahoocheeclerkofcourt.com/login /Imaging/ImageViewer.aspx?id=6330a060-8812-47d8-9c0b-53dec23baeb7.  Griffin's subsequent appeal to the Georgia Court of Appeals was dismissed on April 30, 2019.  *See Griffin v. U.S. Calvary*, No. A19A0941, Order 1 (Ga. Ct. App. Apr. 30, 2019), https://www.chattahoocheeclerk ofcourt.com/login/Imaging/ImageViewer.aspx?id=12ed9676-14f0-44b9-8d5f-413fa0091f4e.

In 2023, Griffin retained Attorney James Guilfoyle of the Guilfoyle Firm (collectively, "Guilfoyle Defendants") to represent him in the Calvary bankruptcy case.  *See In re US Cavalry Store, Inc.*, No. 13-31315, Notice of Appearance (Bankr. W.D. Ky. July 5, 2023) (DN 693). During that proceeding, Griffin requested to examine Calvary's personnel records as they related to his Georgia lawsuit.  In a 2024 order, Judge Stout addressed the disposition of a cache of Calvary's business records being kept in a storage facility, summarizing the chronology as follows:

> Over ten years after the filing of this bankruptcy case, on May 3, 2023, Ms. Bryant filed a Motion to Authorize Destruction of Records wherein she indicated that the estate was holding business records dating back to 1992.  Ms. Bryant sought authority to destroy these records.

On May 6, 2023, Mr. Griffin filed a pro se objection to the motion stating that he needed some of the records in regard to state court litigation in Georgia. Specifically, he stated that "he would have won his case in Georgia if [his] lawyer had exercised his rights to collect and process the case-related documents originally . . . ." From such statement, it appeared that the Georgia state court case had concluded with a result not in Mr. Griffin's favor.

The Court conducted a hearing on the motion on June 13, 2023, at which time the Court passed the hearing to July 11, 2023. As stated above, Mr. Guilfoyle entered his appearance for Mr. Griffin on July 5, 2023. At the July 11, 2023 hearing, the parties announced to the Court they were working to a resolution of the motion. Consequently, the Court continued the hearing until August 10, 2023.

That August hearing was later passed on motion by Ms. Bryant to September 12, 2023. That hearing, however, was later continued on motion by Mr. Griffin, wherein he stated that "the parties are working on an agreement to allow John Griffin to inspect files." The motion was re-set for hearing on October 3, 2023.

On September 19, 2023, Mr. Griffin again filed a motion to continue. Again, Mr. Griffin indicated that the parties were working on an agreement to allow him to inspect the files. The Court granted that motion to continue and passed the hearing to November 9, 2023. Due to a scheduling issue, the hearing was later moved up to November 6, 2023.

At the November 6, 2023 hearing, the Court was again advised that the parties were working toward a settlement but that one had not yet been reached. The Court passed the hearing to December 5, 2023, at which time the Court was again told that the parties were still working toward a resolution. Consequently, the Court again continued the hearing to February 8, 2024.

At the February 8, 2024 hearing the parties again announced that no resolution had been reached. Because of the length of time that this motion had been pending, and because Mr. Griffin had not established that he had any right to these documents, and because the estate was incurring a cost in storing the records, the Court decided to grant Ms. Bryant's motion. On February 9, 2024, the Court entered its order granting Ms. Bryant's motion and authorizing the records to be destroyed.

*In re US Cavalry Store, Inc.*, No. 13-31315, Order Denying Emergency Motion/Emergency Appeal for *In Camera Review* 2-3 (Bankr. W.D. Ky. Mar. 13, 2024) (DN 757) (alterations in original). The bankruptcy court denied Griffin's requests to reconsider its order authorizing document destruction or to review the documents *in camera*. *See In re US Cavalry Store, Inc.*, No. 13-31315, Order Denying Emergency Motion/Emergency Appeal for *In Camera* Review 6

(Bankr. W.D. Ky. Mar. 13, 2024) (DN 757); *In re US Cavalry Store, Inc.*, No. 13-31315, Order Denying Motion to Reconsider 1 (Bankr. W.D. Ky. Mar. 26, 2024) (DN 768).

On May 6, 2024, the Bankruptcy Appellate Panel of the Sixth Circuit Court of Appeals dismissed Griffin's appeal as untimely filed. *See In re US Cavalry Store, Inc.*, No. 24-8006, Order (B.A.P. 6th Cir. May 6, 2024) (DN 9). On June 3, 2024, the appellate court denied Griffin's motion to reconsider. *See In re US Cavalry Store, Inc.*, No. 24-8006, Order (B.A.P. 6th Cir. June 3, 2024) (DN 12).

On August 1, 2024, Griffin filed the present *pro se* action in the U.S. District Court for the District of New Hampshire. (Compl., DN 1). After denying the motion for a preliminary injunction, the matter was transferred to this Court due to improper venue, and the case was opened before this Court on May 24, 2025. (Order, DN 11).

On May 21, 2025, Griffin filed a *pro se* lawsuit against Freeburger Defendants, Bryant Defendants, and Guilfoyle Defendants in Jefferson Circuit Court (Kentucky). *See Griffin v. Bryant*, No. 25-CV-004039 (Jefferson Cir. Ct.). On June 2, 2025, Griffin filed an amended complaint asserting claims of spoliation of evidence, abuse of the discovery process, obstruction of justice, tampering with evidence, negligence, perjury, fraudulent misrepresentation, slander and defamation, respondeat superior, violations of the Model Rules of Professional Conduct, violations of the judicial canons by Judge Stout, and commission of fraud upon the court. (Def.'s Mot. Dismiss Ex. 4, at 60, DN 36-5).

On August 20, 2025, the Jefferson Circuit Court dismissed the claims asserted by Griffin against Bryant Defendants, and Guilfoyle Defendants with prejudice. (Defs.' Mot. Dismiss Ex. 4, at 1, DN 28-5; Defs.' Mot. Dismiss Ex. 5, at 2, DN 36-5). On November 6, 2025, the Jefferson Circuit Court dismissed the claims against Freeburger Defendants with prejudice,

4

which made the orders of dismissal final and appealable. (Defs.' Mot. Dismiss Ex. 2, at 2-3, DN 27-2). No appeals have been taken to the Kentucky Court of Appeals from those orders.

In the present action, the United States of America has filed a notice of substitution pursuant to 28 U.S.C. § 2679 as to any state tort claims asserted in the Amended Complaint against Judge Stout. (Notice Substitution, DN 57). Griffin has objected to that notice. (Pl.'s Obj., DN 62). Judge Stout and the United States of America have moved to dismiss Griffin's claims pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Defs.' Mot. Dismiss, DN 58).

## II.    DISCUSSION

### A.    Plaintiff's Objection

The Notice of Substitution filed by the United States of America is based upon the certification from the U.S. Attorney for the Western District of Kentucky that Judge Stout "was acting within the scope of his judicial employment with the federal judiciary of the United States as a judge in the United States Bankruptcy Court for the Western District of Kentucky at the time of the conduct alleged in the complaint." (Certification 1, DN 57-1). Griffin has objected to the substitution. (Pl.'s Obj.1-3).

The Federal Employees Liability Reform and Tort Compensation Act of 1988, also known as the Westfall Act, "'accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties.'" *Wuterich v. Murtha*, 562 F.3d 375, 380 (D.C. Cir. 2009) (quoting *Osborn v. Haley*, 549 U.S. 225, 229 (2007)). Pursuant to this law, "[u]pon certification by the Attorney General that the defendant was acting within the scope of his office or employment at the time of the incident out of which the claim arose, . . . the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). The Attorney General has delegated her authority to the United States Attorneys to

provide this certification. *See Dolan v. United States*, 514 F.3d 587, 592 (6th Cir. 2008) (citing 28 C.F.R. § 15.4). The "scope-of-employment certification is subject to judicial review for purposes of substitution." *Id.* at 593 (citing *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995)). Upon certification, substitution is proper "unless and until the district court determines that the federal officer originally named as defendant was acting outside the scope of his employment." *Osborn*, 549 U.S. at 252. The scope of employment "is governed by the agency law of the forum state." *Dolan*, 514 F.3d at 593 (citing *Singleton v. United States*, 277 F.3d 864, 870 (6th Cir. 2002), *overruled on other grounds by Hawver v. United States*, 808 F.3d 693 (6th Cir. 2015); *Rector v. United States*, 243 F. App'x 976, 978-79 (6th Cir. 2007)). Such a certification "serves as *prima facie* evidence that an employee acted *within* the scope of his employment. Therefore, if the United States substitutes itself as the defendant and moves to dismiss, a plaintiff cannot defeat the motion merely by relying upon the factual allegations in his complaint." *Gilbar v. United States*, 108 F. Supp. 2d 812, 816 (S.D. Ohio 1999) (citing *Rutkofske v. Norman*, 114 F.3d 1188, 1997 WL 299382, at *4 (6th Cir. June 4, 1997)), *aff'd*, 229 F.3d 1151 (6th Cir. 2000). The plaintiff must "produce evidence that demonstrates that the employee was not acting in the scope of employment." *Dolan*, 514 F.3d at 593 (quoting *Singleton*, 277 F.3d at 871).

In *Papa John's International, Inc. v. McCoy*, 244 S.W.3d 44, 51 (Ky. 2008), the Kentucky Supreme Court explained that:

> An employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control. An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer.

6

*Id.* at 51 (quoting Restatement (Third) of Agency § 7.07 (Am. L. Inst. 2006)).  To determine if Judge Stout's actions fell within the scope of employment, the Court must determine whether his "purpose, however misguided, [was] wholly or in part to further the [employer's] business."  *Id.* at 52 (citation omitted).  The focus of this inquiry is on whether the employee acted with an intent to serve the employer.  *See id.* at 51.

Griffin asserts that Judge Stout's conduct:  (i) was administrative, not judicial; (ii) involved materials outside the jurisdiction of the bankruptcy court; and (iii) was undertaken in the absence of jurisdiction.  (Pl.'s Obj. 2).  Griffin's bare allegations are insufficient.  *See Osborn*, 549 U.S. at 231 (holding that the United States is substituted as defendant under the Westfall Act unless "the District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment.").  These assertions, however, are essentially the same arguments that Griffin could have raised in a direct appeal challenging Judge Stout's order.  The order issued by Judge Stout permitting the destruction of Calvary's records was squarely within the scope of his employment as a bankruptcy judge and was made for the purpose of exercising his legal authority as a judge presiding over a bankruptcy case following a hearing relating to the destruction of the records in which Griffin's counsel was present.  No discovery could change that determination.  Accordingly, Griffin's objection is overruled, and any state law tort claims against Judge Stout may instead proceed against the United States of America.  *See Dolan*, 514 F.3d at 592.

### B.    <u>Defendant's Motion</u>

In their motion, Judge Stout and the United States of America seek dismissal based upon absolute judicial immunity, sovereign immunity, and the Federal Tort Claims Act ("FTCA").

(Defs.' Mot. Dismiss 5-23, DN 58).   Griffin opposes the motion.[1]   (Pl.'s Resp. Defs.' Mot. Dismiss 2-5, DN 59).

Generally, threshold challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) should be decided before any ruling on the merits under Fed. R. Civ. P. 12(b)(6).  *See Bell v. Hood*, 327 U.S. 678, 682 (1946). In most circumstances, a plaintiff bears the burden to survive Fed. R. Civ. P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. *See id.* Challenges to subject matter jurisdiction come in several varieties. Facial attacks challenge a plaintiff's establishment of jurisdiction in the complaint and require the Court to examine the jurisdictional basis.  *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citation omitted).  Factual attacks contest the existence of factual prerequisites to jurisdiction. *See id.*  In such motions, in contrast to motions under Fed. R. Civ. P. 12(b)(6), the Court is empowered to resolve the factual disputes affecting any jurisdictional prerequisites.  *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).  The plaintiff bears the burden in both these situations.  *See Bell*, 327 U.S. at 682.

When considering a Rule 12(b)(6) motion, a court "must construe the complaint in the light most favorable to [the plaintiff] . . . ."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted).  Courts must also accept all of a plaintiff's

---

[1] In his response, Griffin asserts the motion should be denied because Judge Stout failed to respond to Griffin's discovery requests. (Pl.'s Resp. Defs.' Mot. Dismiss 1-3). As the Court addressed in a separate order, Griffin's discovery efforts were premature, and as Defendants' motion notes, the discovery may have been served prior to Judge Stout being properly served. (Defs.' Mot. Dismiss 1). Those discovery requests are of no moment in addressing this motion to dismiss. Griffin also filed a second document (DN 63) in response to the motion to dismiss, which was filed after the reply, and the Court disregards this document as an unauthorized sur-reply filed without leave. *See Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) ("As many courts have noted, '[s]ur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" (alteration in original) (citation omitted)).

allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements" are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, this standard is satisfied when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

### 1.   *Fed. R. Civ. P. 12(b)(1)*

It is well-established that judges generally are immune "from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997); *see also Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines [are] more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . . " (citing *Bradley v. Fisher*, 80 U.S. 335 (1872))). As the Supreme Court has explained:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.

*Pierson*, 386 U.S. at 554. Under this broad doctrine, "'[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority,' nor 'if his exercise of authority is flawed by the commission of grave procedural errors.'" *Barnes*, 105 F.3d at 1115 (alteration in original) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Courts have recognized that absolute judicial immunity can be overcome in only to situations: (i) when the judge's actions are "nonjudicial"; or (ii) when the judicial action

was "taken in the complete absence of all jurisdiction." *Id.* at 1116 (quoting *Mireles*, 502 U.S. at 11-12). "

While Griffin alleges that Judge Stout lacked subject matter jurisdiction and/or personal jurisdiction over the matter, the conclusory allegations in the Amended Complaint do not plausibly support such an assertion to defeat immunity where a bankruptcy court has subject matter jurisdiction over a Kentucky debtor's estate, and any allegation of grave procedural errors likewise do not suffice.   (Am. Compl. 2, 26, 29-33); *Mireles*, 502 U.S. at 11 (holding that allegations of malice or corruption do not deprive judicial defendants of immunity).   "[O]nly in the absence of subject matter jurisdiction are judicial actors devoid of the shield of immunity. When, however, a court with subject matter jurisdiction acts where [for example] personal jurisdiction is lacking, judicial and prosecutorial absolute immunity remain intact." *Holloway v. Brush*, 220 F.3d 767, 773 (6th Cir. 2000) (en banc) (internal citation omitted) (citation omitted); *see also Barnes*, 105 F.3d at 1112.   "Even grave procedural errors or acts taken when no statute purports to confer on the court the authority purportedly exercised will not deprive a judge of judicial immunity." *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001) (citing *Stump*, 435 U.S. at 359-60)).

"When a debtor files for bankruptcy, it 'creates an estate' that includes virtually all the debtor's assets." *Harrington v. Purdue Pharma L. P.*, 603 U.S. 204, 214 (2024) (quoting 11 U.S.C. § 541(a)).   In ruling on the request of the trustee to destroy business records constructively held by the court-appointed liquidating trustee, Judge Stout had subject matter over the bankruptcy action.   Judge Stout had the authority to make decisions relating to the bankruptcy estate in the Chapter 11 bankruptcy case, and such decisions were judicial in nature. *See Barnes*, 105 F.3d at 1116 (holding that an act is clearly judicial in nature and functions when

it is done to resolve disputes between parties who have invoked the jurisdiction of the court); *Metzenbaum v. Nugent*, 55 F. App'x 729, 730 (6th Cir. 2003) (affirming district court's *sua sponte* dismissal of complaint against a federal judge based on his rulings in the plaintiff's earlier case). In addition, it is "a well-established principle that the bankruptcy court is endowed with in personam jurisdiction for litigating all matters which arise in bankruptcy. The theory of minimum contacts upon which personal jurisdiction is customarily established does not apply in bankruptcy cases." *Matter of GEX Ky., Inc.*, 85 B.R. 431, 434 (Bankr. N.D. Ohio 1987) (internal citations omitted). Therefore, Griffin's challenge to absolute judicial immunity based upon subject matter and personal jurisdiction lacks merit.

For these reasons, Judge Stout is entitled to absolute judicial immunity. Griffin's claims against Judge Stout are dismissed.

### 2.        *Fed. R. Civ. P. 12(b)(6)*

#### a.        Sovereign Immunity

Under the doctrine of sovereign immunity, the United States and its officials are immune from suit unless immunity has been expressly waived. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013). In the absence of consent or waiver, federal courts generally lack subject matter jurisdiction over claims asserted against the United States and its officials. *See United States v. Sherwood*, 312 U.S. 584, 586-87 (1941).

The Supreme Court has recognized an implied cause of action against federal officials in three narrow circumstances: (i) searches and seizures in violation of the Fourth Amendment; (ii) gender discrimination by a member of Congress in violation of the Fifth Amendment's equal protection clause; and (iii) deliberate indifference claims against prison officials based upon the

11

Eighth Amendment. *See Ziglar v. Abbasi*, 582 U.S. 120, 130-31 (2017) (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980)). The Supreme Court has expressed its belief that recognizing causes of action under *Bivens* are disfavored and should only be done after considering special factors where "a court is not undoubtedly better positioned than Congress to create a damages action." *Egbert v. Boule*, 596 U.S. 482, 492 (2022). There is an absence of special factors here because Griffin had the opportunity to appeal the bankruptcy court's decision. Allowing such a claim to proceed against Judge Stout would interfere with the orderly administration of justice by a judicial officer. *See Stump*, 435 U.S. 356-64. Defendants' motion is granted based on sovereign immunity.

### b. *Immunity under the FTCA*

Viewing the pleadings liberally, Griffins' claims against Judge Stout can be construed as being state law tort claims. For suits sounding in tort against the United States or its employees acting within the scope of employment, the exclusive waiver of sovereign immunity is found in the Federal Tort Claims Act ("FTCA"), and when an action brought pursuant to the FTCA, the only proper defendant is the United States. *See* 28 U.S.C. §§ 1346(b), 2679(b)(1). Thus, a federal agency or a federal official cannot be sued under the FTCA. *See Wilburn v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 771 F. Supp. 3d 950, 961 (E.D. Mich. 2025); *see also Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." (citations omitted)). Accordingly, because this lawsuit is against Judge Stout rather than the United States, the Court lacks jurisdiction over any state law tort claims against Judge Stout under the FTCA.

In addition, the FTCA requires that certain administrative-exhaustion actions to be taken before filing an action against the United States.  *See* 28 U.S.C. § 2675(a); *see also Wilburn*, 771 F. Supp. 3d at 961 ("The purpose of this administrative-exhaustion requirement is to prevent plaintiffs from filing suit before attempting to settle their claims."  (citation omitted)).  Because Griffin has not alleged that he presented an administrative tort claim before filing this lawsuit, he has failed to exhaust his administrative remedies under the FTCA.  *See Wilburn*, 771 F. Supp. 3d at 961.  The motion is granted on this basis.

### III.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.      Plaintiff's Objection (DN 62) is **OVERRULED**.  Plaintiff's state law tort claims against Judge Alan C. Stout are **DISMISSED**, and those claims are asserted against the United States of America pursuant to the Notice of Substitution.

2.      Defendants' Motion to Dismiss (DN 58) is **GRANTED**, and Plaintiff's claims against Judge Alan C. Stout and the United States of America are **DISMISSED WITH PREJUDICE**.

**Greg N. Stivers, Judge**
**United States District Court**
April 29, 2026

cc:     counsel of record
        Plaintiff, *pro se*