UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00385-GNS

JOHN M. GRIFFIN                                                                    PLAINTIFF

v.

US BANKRUPTCY COURT – KY, JUDGE et al.                               DEFENDANTS

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Defendants' Motions to Dismiss (DN 24, 27, 28, 36),

Plaintiff's Motion for Leave (DN 26), Plaintiff's Motion for Leave to File Belated Response (DN

47), and Plaintiff's Motion for Limited *In Camera* Review (DN 69).

## I.      <u>BACKGROUND</u>

In 2010, Plaintiff John M. Griffin ("Griffin") was attending training at Fort Benning as an

employee of a civilian defense contractor when he assisted three translators shopping at the U.S.

Calvary Store ("Calvary").  (Am. Compl. 3-4, DN 19).  Two Calvary employees purportedly

made defamatory statements about their interaction with Griffin, which resulted in his

termination.  (Am. Compl. 4).

On September 30, 2010, Griffin filed a *pro se* lawsuit against Calvary and two individuals

in Chattahoochee County Superior Court (Georgia).  *See In re US Cavalry Store, Inc.*, No. 13-

31315, Griffin's Response to Liquidating Trustee's First Omnibus Objection to Claims Order on

Motion 7-8 (Bankr. W.D. Ky. Mar. 13, 2024) (DN 511).  Griffin asserted a single claim for

tortious inference with a contractual/employment relationship against those defendants.  *See In re*

*US Cavalry Store, Inc.*, No. 13-31315, Response to Liquidating Trustee's First Omnibus

Objection to Claims Order on Motion 11-12 (Bankr. W.D. Ky. Mar. 13, 2024) (DN 511).

On March 28, 2013, Cavalry filed a Chapter 11 bankruptcy petition in the U.S. Bankruptcy Court for the Western District of Kentucky, before Judge Alan C. Stout ("Judge Stout"), the presiding judge. *See In re U.S. Calvary Store, Inc.*, No. 13-31315 (W.D. Ky. Bankr.). Attorney Sandra Freeburger from Dietz, Shields, & Freeburger, LLP (jointly, "Freeburger Defendants") was debtor's counsel, and Attorney Lisa K. Bryant from Tilford, Dobbins & Schmidt, PLLC (jointly, "Bryant Defendants") served as a liquidating trustee for the US CAV Creditor Trust. Griffin was a creditor in the bankruptcy action.

On September 14, 2018, the Chattahoochee County Superior Court dismissed Griffin's claims with prejudice. *See Griffin v. U.S. Calvary, Inc.*, No. 10-CV-127, Order 31 (Chattahoochee Cnty. Sup. Ct. Sep. 14, 2018), https://www.chattahoocheeclerkofcourt.com/login /Imaging/ImageViewer.aspx?id=6330a060-8812-47d8-9c0b-53dec23baeb7. Griffin's subsequent appeal to the Georgia Court of Appeals was dismissed on April 30, 2019. *See Griffin v. U.S. Calvary*, No. A19A0941, Order 1 (Ga. Ct. App. Apr. 30, 2019), https://www.chattahoocheeclerk ofcourt.com/login/Imaging/ImageViewer.aspx?id=12ed9676-14f0-44b9-8d5f-413fa0091f4e.

In 2023, Griffin retained Attorney James Guilfoyle of the Guilfoyle Firm (collectively, "Guilfoyle Defendants") to represent him in the Calvary bankruptcy case. *See In re US Cavalry Store, Inc.*, No. 13-31315, Notice of Appearance (Bankr. W.D. Ky. July 5, 2023) (DN 693). During that proceeding, Griffin requested to examine Calvary's personnel records as they related to his Georgia lawsuit. In a 2024 order, Judge Stout addressed the disposition of a cache of Calvary's business records being kept in a storage facility, summarizing the chronology as follows:

> Over ten years after the filing of this bankruptcy case, on May 3, 2023, Ms. Bryant filed a Motion to Authorize Destruction of Records wherein she indicated that the estate was holding business records dating back to 1992. Ms. Bryant sought authority to destroy these records.

On May 6, 2023, Mr. Griffin filed a pro se objection to the motion stating that he needed some of the records in regard to state court litigation in Georgia. Specifically, he stated that "he would have won his case in Georgia if [his] lawyer had exercised his rights to collect and process the case-related documents originally . . . ." From such statement, it appeared that the Georgia state court case had concluded with a result not in Mr. Griffin's favor.

The Court conducted a hearing on the motion on June 13, 2023, at which time the Court passed the hearing to July 11, 2023. As stated above, Mr. Guilfoyle entered his appearance for Mr. Griffin on July 5, 2023. At the July 11, 2023 hearing, the parties announced to the Court they were working to a resolution of the motion. Consequently, the Court continued the hearing until August 10, 2023.

That August hearing was later passed on motion by Ms. Bryant to September 12, 2023. That hearing, however, was later continued on motion by Mr. Griffin, wherein he stated that "the parties are working on an agreement to allow John Griffin to inspect files." The motion was re-set for hearing on October 3, 2023.

On September 19, 2023, Mr. Griffin again filed a motion to continue. Again, Mr. Griffin indicated that the parties were working on an agreement to allow him to inspect the files. The Court granted that motion to continue and passed the hearing to November 9, 2023. Due to a scheduling issue, the hearing was later moved up to November 6, 2023.

At the November 6, 2023 hearing, the Court was again advised that the parties were working toward a settlement but that one had not yet been reached. The Court passed the hearing to December 5, 2023, at which time the Court was again told that the parties were still working toward a resolution. Consequently, the Court again continued the hearing to February 8, 2024.

At the February 8, 2024 hearing the parties again announced that no resolution had been reached. Because of the length of time that this motion had been pending, and because Mr. Griffin had not established that he had any right to these documents, and because the estate was incurring a cost in storing the records, the Court decided to grant Ms. Bryant's motion. On February 9, 2024, the Court entered its order granting Ms. Bryant's motion and authorizing the records to be destroyed.

*In re US Cavalry Store, Inc.*, No. 13-31315, Order Denying Emergency Motion/Emergency Appeal for *In Camera Review* 2-3 (Bankr. W.D. Ky. Mar. 13, 2024) (DN 757) (alterations in original). The bankruptcy court denied Griffin's requests to reconsider its order authorizing document destruction or to review the documents *in camera*. *See In re US Cavalry Store, Inc.*, No. 13-31315, Order Denying Emergency Motion/Emergency Appeal for *In Camera* Review 6

(Bankr. W.D. Ky. Mar. 13, 2024) (DN 757); *In re US Cavalry Store, Inc.*, No. 13-31315, Order Denying Motion to Reconsider 1 (Bankr. W.D. Ky. Mar. 26, 2024) (DN 768).

On May 6, 2024, the Bankruptcy Appellate Panel of the Sixth Circuit Court of Appeals dismissed Griffin's appeal as untimely filed. *See In re US Cavalry Store, Inc.*, No. 24-8006, Order (B.A.P. 6th Cir. May 6, 2024) (DN 9). On June 3, 2024, the appellate court denied Griffin's motion to reconsider. *See In re US Cavalry Store, Inc.*, No. 24-8006, Order (B.A.P. 6th Cir. June 3, 2024) (DN 12).

On August 1, 2024, Griffin filed the present *pro se* action in the U.S. District Court for the District of New Hampshire. (Compl., DN 1). After denying the motion for a preliminary injunction, the matter was transferred to this Court due to improper venue, and the case was opened before this Court on May 24, 2025. (Order, DN 11).

On May 21, 2025, Griffin filed a *pro se* lawsuit against Freeburger Defendants, Bryant Defendants, and Guilfoyle Defendants in Jefferson Circuit Court (Kentucky). *See Griffin v. Bryant*, No. 25-CV-004039 (Jefferson Cir. Ct.). On June 2, 2025, Griffin filed an amended complaint asserting claims of spoliation of evidence, abuse of the discovery process, obstruction of justice, tampering with evidence, negligence, perjury, fraudulent misrepresentation, slander and defamation, respondeat superior, violations of the Model Rules of Professional Conduct, violations of the judicial canons by Judge Stout, and commission of fraud upon the court. (Def.'s Mot. Dismiss Ex. 4, at 60, DN 36-5).

On August 20, 2025, the Jefferson Circuit Court dismissed the claims asserted by Griffin against Bryant Defendants, and Guilfoyle Defendants with prejudice. (Defs.' Mot. Dismiss Ex. 4, at 1, DN 28-5; Defs.' Mot. Dismiss Ex. 5, at 2, DN 36-5). On November 6, 2025, the Jefferson Circuit Court dismissed the claims against Freeburger Defendants with prejudice,

4

which made the orders of dismissal final and appealable. (Defs.' Mot. Dismiss Ex. 2, at 2-3, DN 27-2). No appeals have been taken to the Kentucky Court of Appeals from those orders.

In their first motion, Guilfoyle Defendants move to dismiss the claims asserted against them pursuant to Fed. R. Civ. P. 12(b)(5). (Defs.' Mot. Dismiss, DN 24 [hereinafter Guilfoyle Defs.' 1st Mot. Dismiss]). Bryant Defendants move to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(5) and (6). (Defs.' Mot. Dismiss, DN 27 [hereinafter Bryant Defs.' Mot. Dismiss]). Freeburger Defendants have moved to dismiss the claims alleged pursuant to Fed. R. Civ. P. 12(b)(6). (Defs.' Mem. Supp. Mot. Dismiss, DN 28-1 [hereinafter Freeburger Defs.' Mem. Supp. Mot. Dismiss]). In their second motion, Guilfoyle Defendants moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] (Defs.' Mem. Supp. Mot. Dismiss, DN 36-1 [hereinafter Guilfoyle Defs.' Mem. Supp. 2d Mot. Dismiss]). Griffin moved for leave to re-serve Guilfoyle Defendants. (Pl.' Mot. Leave Serve Defs., DN 26). Griffin moved for leave to file a belated response to Guilfoyle Defendants' second motion. (Pl.'s Mot. Leave File Belated Response, DN 47). Finally, Griffin moved for limited *in camera* review of certain documents. (Pl.'s Mot. Limited In Camera Review, DN 69).

## II.    DISCUSSION

### A.    Defendants' Motions to Dismiss

#### 1.    *Fed. R. Civ. P. 12(b)(5)*

"Rule 12(b)(5) permits defendants to seek dismissal of a plaintiff's complaint because of the insufficiency of service of process." *Oyekunle v. Morgan & Pottinger, P.S.C.*, No. 3:14-CV-00400-TBR, 2016 WL 6977819, at *1 (W.D. Ky. Dec. 9, 2014) (citation omitted). "In

---

[1] When the time for a response to Guilfoyle Defendants' second motion had passed, those Defendants improperly filed a reply, which was unauthorized in the absence of a response, and this reply is disregarded. (Defs.' Reply Mot. Dismiss, DN 44).

considering a motion to dismiss, pursuant to Rule 12(b)(5), this Court must accept as true all well pleaded allegations of the complaint, although reference to the record is permissible to determine the alleged insufficiency of service of process." *Thompson v. Kerr*, 555 F. Supp. 1090, 1093 (S.D. Ohio 1982) (internal citation omitted) (citation omitted).

### a.    Guilfoyle Defendants

Guilfoyle Defendants challenge the sufficiency of service of process upon them in this action. (Guilfoyle Defs.' 1st Mot. Dismiss 1-4). In relevant part, Fed. R. Civ. P. 4 provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2)    doing any of the following:
> > (A)    delivering a copy of the summons and of the complaint to the individual personally;
> > (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > (C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Kentucky law provides that a summons may be served upon an individual by personal service or by certified mail pursuant to Ky. R. Civ. P. 4.01(1)(1). *See* Ky. R. Civ. P. 4.04(2), (8). The law firm, however, is a limited liability partnership, and it may be served:

> (A)    in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B)    by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1).

Instead of serving Guilfoyle Defendants in Indiana where they are residents, Griffin served Attorney Matthew R. Parsons ("Parsons") of the law firm of Stoll Keenon Ogden PLLC

in Lexington, Kentucky.  (Return Summons 7-10, DN 25-1; Parsons Decl. ¶ 3, Dec. 5, 2025, DN 24-1).  While Parsons represented Guilfoyle Defendants in the related state court action, he has not been authorized to accept service of process in the present action.  (Parsons Decl. ¶¶ 4-6).  Because service in this manner did not conform with Fed. R. Civ. P. 4, Guilfoyle Defendants' motion is granted under Fed. R. Civ. P. 12(b)(5).

### b.    Bryant Defendants

Bryant Defendants challenge service of process upon Bryant only.  (Bryant Defs.' Mot. Dismiss 14-16).  Her summons was served upon another lawyer in the law firm but not upon Bryant herself.  (Return Summons 4-6).  Service of process in this manner does not comport with Fed. R. Civ. P. 4, and Bryant Defendants' motion to dismiss is granted under Fed. R. Civ. P. 12(b)(5).

### 2.    *Fed. R. Civ. P. 12(b)(6)*

Freeburger Defendants, Guilfoyle Defendants, and Bryant Defendants seek dismissal of all claims against them pursuant to Fed. R. Civ. P. 12(b)(6).  (Bryant Defs.' Mot. Dismiss 4-14; Freeburger Defs.' Mem. Supp. Mot. Dismiss 4-10; Guilfoyle Defs.' Mem. Supp. 2d Mot. Dismiss 6-15).  To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556) When considering a defendant's motion to dismiss, the Court will "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to

the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (internal citation omitted) (quoting *Twombly*, 550 U.S. at 557).

### a.  Res Judicata[2]

Freeburger Defendants and Guilfoyle Defendants seek dismissal of the Amended Complaint based upon the doctrine of res judicata. (Freeburger Defs.' Mem. Supp. Mot. Dismiss 8-9; Guilfoyle Defs.' Mem. Supp. 2d Mot. Dismiss 7-8). Res judicata "stands for the principle that once rights of the parties have been finally determined, litigation should end." *Miller v. Admin. Off. of the Cts.*, 361 S.W.3d 867, 871 (Ky. 2011) (internal quotation marks omitted) (quoting *Slone v. R & S Mining, Inc.*, 74 S.W.3d 259, 261 (Ky. 2002)). This doctrine "prohibits the relitigation of claims that were litigated or could have been litigated between the same parties in a prior action." *Id.* at 871. Thus, its "very purpose . . . is to preclude repetitious actions." *Id.* at 872 (citing *Harrod v. Irvine*, 283 S.W.3d 246, 250 (Ky. App. 2009)).

For this doctrine to apply: "(1) there must be an identity of parties between the two actions; (2) there must be an identity of the two causes of action; and (3) the prior action must have been decided on the merits." *Id.* (citing *Harrod*, 283 S.W.3d at 250). If these elements are met, the doctrine applies "even though the plaintiff is prepared in the second action (1) [t]o present evidence or grounds or theories of the case not presented in the first action, or (2) [t]o seek remedies or forms of relief not demanded in the first action." *Reesor v. City of Audubon*

---

[2] "In diversity cases . . . , the Court must apply Kentucky substantive law and federal procedural law." *Hayes v. Gordon Food Serv., Inc.*, 783 F. Supp. 3d 1016, 1027 (W.D. Ky. 2025) (citing *Phelps v. McClellan*, 30 F.3d 658, 661 (6th Cir. 1994)).

*Park*, No. 2016-CA-000127-MR, 2017 WL 2609243, at *3 (Ky. App. June 16, 2017) (internal quotation marks omitted) (quoting *Dennis v. Fiscal Ct. of Bullitt Cnty.*, 784 S.W.2d 608, 610 (Ky. App. 1990)).

### i.        Identity of Parties

As to the first element, the Court finds that there exists "an identity of parties between the two actions . . . ." *Miller*, 361 S.W.3d at 872 (citation omitted).  In the state court action, Griffin asserted claims against Freeburger Defendants, and Guilfoyle Defendants.    Those same Defendants are parties in the present action.

### ii.        Identity of Causes of Action

For the second element of res judicata, there must be "an identity of the two causes of action . . . ." *Id.* (citation omitted).  As part of this element, there is a prohibition against splitting causes of action.  *See Coomer v. CSX Transp., Inc.*, 319 S.W.3d 366, 371 (Ky. 2010); *see also id.* at 371 n.9 (quoting *Watts By & Through Watts v. K, S & H*, 957 S.W.2d 233, 236 (Ky. 1997)) (noting that the rule against splitting causes of actions is "a subsidiary of the doctrine of res judicata").  As the Kentucky Court of Appeals has explained:

> [This rule] is simply the aspect of the doctrine [of res judicata] which requires the court to determine the dimension or scope of the 'cause of action' in the prior suit (*i.e.*, to decide if the second action involved issues which should have been litigated in the first action, but were not, and are therefore precluded).

*Reesor*, 2017 WL 2609243, at *4 (citations omitted).  "Essentially, it is one aspect to be considered when determining whether there is identity of the causes of action."  *Coomer*, 319 S.W.3d at 371 n.9.

The prohibition against splitting causes of action "is an equitable rule, limiting all causes of action arising out of a single transaction to a single procedure."  *Id.* (internal quotation marks omitted) (quoting *Cap. Holding Corp. v. Bailey*, 873 S.W.2d 187, 193 (Ky. 1994)).  "It rests upon

the concept that 'parties are required to bring forward their whole case' and may not try it piecemeal." *Id.* (quoting *Arnold v. K-Mart Corp.*, 747 S.W.2d 130, 132 (Ky. App. 1988)).  The rule therefore prohibits subsequent litigation of "not only [] the points upon which the [first] court was required by the parties to form an opinion and pronounce judgment, but [] every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."  *Id.* (internal quotation marks omitted) (quoting *Arnold*, 747 S.W.2d at 132).

Kentucky courts employ a "transactional approach" to determine whether an identify of causes of action exist.  *Lawrence v. Bingham Greenebaum Doll, L.L.P.*, 599 S.W.3d 813, 826 (Ky. 2019) (citation omitted).  "[I]dentity of causes of action means an 'identity of the facts creating the right of action and of the evidence necessary to sustain each action.'"  *Hashemian v. Louisville Reg'l Airport Auth.*, 493 S.W.3d 843, 846 (Ky. App. 2016) (internal quotation marks omitted) (quoting *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992)).  When applying the transactional approach, a court must "compare the factual issues explored in the first action with the factual issues to be resolved in the second" to determine whether there exists a "common nucleus of operative fact" between the two cases.  *Lawrence*, 599 S.W.3d at 826 (internal quotation marks omitted) (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1301-02 (11th Cir. 2001)).  For res judicata, "the test for 'common nucleus of operative fact' . . . is not simply one of whether the two claims are related to or may materially impact one another."  *Id.* (internal quotation marks omitted) (quoting *In re Piper*, 244 F.3d at 1301).  "[I]f the factual scenario of the two actions parallel, the same cause of action is involved in both."  *Id.* (internal quotation marks omitted) (quoting *Motient Corp. v. Dondero*, 269 S.W.3d 78, 83 (Tex. App. 2008)).  Due to the rule against splitting causes of action, it is possible for the

doctrine of res judicata to apply even when a claim raised in the second action was not raised in the first action but *could have been* raised in that initial case. *See, e.g.*, *Hashemian*, 493 S.W.3d at 846 ("Res judicata bars not only those claims previously raised, but those which could have been raised in the prior action.").

To determine if there is an identity of causes of action in this case, the Court must scrutinize the claims raised in the Amended Complaint state court action with the ones asserted in the Amended Complaint in this action. *See Lawrence*, 599 S.W.3d at 826. The claims in both actions arise from the same events.[3] In the Jefferson Circuit Court action, Griffin raised various claims regarding the involvement of Freeburger Defendants and Guilfoyle Defendants in the Calvary bankruptcy case relating to the bankruptcy court's decision to authorize the destruction of certain Calvary records. (Defs.' Mot. Dismiss Ex. 4, at 8-11, 19-60, DN 36-5). Likewise, the claims asserted in this Court relate to the same events, notwithstanding Judge Stout being added as a named party. (Am. Compl. 16-20, 24-60). Therefore, there is a "common nucleus of operative fact" between the state court action and the present action for the purposes of res judicata. *See Lawrence*, 599 S.W.3d at 826 (quoting *In re Piper*, 244 F.3d at 1301-02). The Court finds that there is an identity of the causes of action, and the second element of res judicata is satisfied.

### iii.    Final Judgment on the Merits

To meet the last requirement, "the prior action must have been decided on the merits." *Miller*, 361 S.W.3d at 872 (citation omitted). Under Kentucky law, "[a] judgment on the merits is one which is based on legal rights as distinguished from mere matters of practice, procedure,

---

[3] There are at least 80 numbered paragraphs asserting the same or similar allegations in Griffin's amended pleadings filed in the state action and the present action. (Def.'s Mot. Dismiss Ex. 4, at 15, 19-22, 27-29, 31, 33, 38-43, 45-48, 50, 52-55, 57-59, DN 36-5; Am. Compl. 17, 28-31, 37, 54, 60-61, 63, 66, 68-69, 71-76, 79-81, DN 19).

jurisdiction or form . . . ."  *Martin v. Pers. Bd.*, 959 S.W.2d 779, 780-81 (Ky. App. 1997) (citations omitted).  "A dismissal with prejudice, of course, acts as a bar to again asserting the cause of action so dismissed.  It thus has the effect of a judgment on the merits constituting the cause res judicata."  *Polk v. Wimsatt*, 689 S.W.2d 363, 364 (Ky. App. 1985).

Through orders dated August 20, 2025, and November 6, 2025, the Jefferson Circuit Court dismissed with prejudice Griffin's claims against Freeburger Defendants, and Guilfoyle Defendants.  (Defs.' Mot. Dismiss Ex. 4, at 1, DN 28-5; Defs.' Mot. Dismiss Ex. 5, at 2, DN 36-6).  Thus, the dismissal of the claims against Freeburger Defendants, and Guilfoyle Defendants was on the merits for the purpose of res judicata.

Because all three requirements of res judicata are satisfied, Griffin is precluded from pursuing claims against Freeburger Defendants and Guilfoyle Defendants in this action.  Their motions pursuant to Fed. R. Civ P. 12(b)(6) are granted.

### b.    Sufficiency of Allegations

Because Bryant Defendants did not raise res judicata as a basis for dismissal, it is necessary to address their asserted basis for dismissal.  Besides challenging the sufficiency of the claims, Bryant Defendants argue that the judicial statements privilege, and the *Barton* doctrine preclude Griffin's claims.  (Bryant Defs.' Mot. Dismiss 5-14).

### i.    Judicial Statements Privilege

Kentucky law recognizes an absolute judicial statement privilege applicable to statements made in pleadings and testimony in judicial proceedings.  *Schmitt v. Mann*, 163 S.W.2d 281, 283 (Ky. 1942) (citations omitted).  There are two requirements for this privilege to apply:  (i) the communication must have been made "preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as part of a judicial proceeding"; and (ii) the

communication must be material, pertinent, and relevant to the judicial proceeding. *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1127 (6th Cir. 1990) (emphasis omitted) (citing Restatement (Second) of Torts § 587 (1977)); *Smith v. Hodges*, 199 S.W.3d 185, 193 (Ky. App. 2005) (citing *Lisanby v. Ill. Cent. R. Co.*, 272 S.W. 753, 754 (Ky. 1925)).

The crux of Griffin's claims against Bryant Defendants is that Bryant committed perjury, made fraudulent representations, committed fraud upon the court, and made defamatory statements to the bankruptcy court regarding the request to destroy the Calvary records. (Am. Compl. 35-43). These communications were material, pertinent, and relevant to Bryant's duties as the liquidating trustee for the US CAV Creditor Trust. Therefore, Griffin's claims for perjury, fraud representations, fraud upon the court, and defamatory statements against Bryant are barred by the judicial statements privilege, and Bryant Defendants' motion is granted on this basis.

### ii.      *Barton* Doctrine

"Under the *Barton* Doctrine, 'leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." *In re Nat'l Century Fin. Enters., Inc.*, 426 B.R. 282, 292 (Bankr. S.D. Ohio 2010) (quoting *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

> The doctrine's protection extends to a trustee's collection, preservation, and holding of assets, or any other acts required to administer and liquidate the estate. *DeLorean Motor Co.*, 991 F.2d at 1241. The *Barton* Doctrine applies to all types of litigation against a trustee, including declaratory and injunctive relief and a claim for damages.

*In re Inmet Mining, LLC*, No. 23-70113, 2024 WL 3586837, at *2 (Bankr. E.D. Ky. July 30, 2024) (citing *Curry v. Castillo (In re Castill)*, 297 F.3d 940, 945 (9th Cir. 2002)).

13

Any destruction of Calvary's records in the bankruptcy case was conducted by Bryant as trustee and undertaken only after receiving approval from the bankruptcy court.  Therefore, the *Barton* doctrine precludes the assertion of any claims by Griffin in this Court against Bryant relating to the request to the bankruptcy court for approval to destroy Calvary's records.

### iii.    Claims

Beside those defenses to claims asserted in the Amended Complaint, the allegations in that pleading also fail to state claim against Bryant Defendants.

### a)    Spoliation of Evidence, Tampering with Evidence, Obstruction of Justice, and Abuse of Discovery

"Kentucky law does not recognize an independent cause of action for spoliation of evidence."  *Hamernick v. Daniels*, No. 1:19-CV-00119-GNS-HBB, 2020 WL 6946451, at *3 (W.D. Ky. Nov. 25, 2020) (citing *Monsanto Co. v. Reed*, 950 S.W.2d 811, 815 (Ky. 1997)); *see also Faith v. Warsame*, No. 3:18-CV-323-CRS, 2019 WL 1359266, at *3 (W.D. Ky. Mar. 26, 2019) (citing *Reed*, 950 S.W.2d at 815); *Clark v. Teamsters Loc. Union 651*, No. 5:17-273-DCR, 2017 WL 6395850, at *5 (W.D. Ky. Dec. 13, 2017) ("While a claim of destruction of relevant materials may certainly give rise to a jury instruction regarding spoliation of evidence, it does not constitute a free-standing claim on its own right.").  Similarly, tampering with evidence, obstruction of justice, and abuse of discovery process are not civil causes of action; rather, such conduct may be the basis for court sanctions.  Therefore, Griffin has failed to state claims for spoliation of evidence, tampering with evidence, obstruction of justice, and abuse of discovery against Bryant Defendants.

14

### b)     Legal Malpractice

As a sister court has explained:

> To prevail on a claim for legal malpractice, a plaintiff must prove: (1) "an employment relationship with the defendant/attorney"; (2) "the attorney breached his duty to exercise the ordinary care of a reasonably competent attorney acting in the same or similar circumstances"; and (3) "the attorney's negligence was the proximate cause of damage to the client."

*Osborn*, 50 F. Supp. 3d at 804 (citation omitted). The Amended Complaint does not allege that Bryant Defendants ever represented Griffin as a client, but this pleading instead alleges that Bryant served as the liquidating trustee for the US CAV Creditor Trust. (Am. Compl. 36). In the absence of an attorney-client relationship with Bryant Defendants, Griffin has failed to state a legal malpractice claim against them.

### c)     Negligence

Besides legal malpractice, the Amended Complaint seems to assert a separate negligence claim. "[A] negligence claim under Kentucky law requires proof of: (1) a duty of care owed by the defendant to the plaintiff; (2) breach of that duty; (3) injury to the plaintiff; and (4) legal causation between the defendant's breach and the plaintiff's injury." *Baker v. Blackhawk Mining, LLC*, 734 F. Supp. 3d 615, 620-21 (E.D. Ky. 2024) (citation omitted), *aff'd*, 141 F.4th 760 (6th Cir. 2025). The existence of a duty is a question of law. *See Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88-89 (Ky. 2003).

Like the legal malpractice claim, the Amended Complaint does not state facts to support a determination that Bryant Defendants owed Griffin a duty as a matter of law. Therefore, the Amended Complaint fails to state a negligence claim against Bryant Defendants.

15

### d)      Respondeat Superior

"An employer's liability under the doctrine of 'respondeat superior' requires that the proximate cause of a plaintiff's injury must have been an act committed by an employee acting within the course and scope of his employment." *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 731-32 (Ky. 2009) (citation omitted).  Because Griffin has failed to state a claim against Bryant in the Amended Complaint, there is no basis to hold Tilford Dobbins & Schmidt liable for Bryant's actions.

### e)      Violation of the Model Rules of Professional Conduct

The Amended Complaint also purports to assert a claim for a violation of the Kentucky Rules of Professional Code, SCR 3.130.  Because the Kentucky Supreme Court has held that SCR 3.130 does not create private cause of action, Griffin has failed to state such a claim in this action. *See Lawrence*, 599 S.W.3d at 828 ("[V]iolations of the SCR 'do not create a private right of action . . . .'" (quoting *Rose v. Winters, Yonker & Rousselle, P.S.C.*, 391 S.W.3d 871, 874 (Ky. App. 2012)); *see also Hill v. Willmott*, 561 S.W.2d 331, 333-34 (Ky. App. 1978) ("The sole remedial method for a violation of the Code is the imposition of disciplinary measures after a hearing by the Board of Governors of the State Bar Association for any '. . . charges brought under this code as well as charges for other unprofessional or unethical conduct calculated to bring the bench and bar into disrepute.' *See* R.A.P. 3.130.  Nowhere does the Code of Professional Responsibility or the Rules attempt to establish standards for civil liability of attorneys for their professional negligence." (alteration in original)).  Accordingly, Griffin has no such claim against Bryant Defendants.

16

### f)    Committing Fraud Upon the Court

The last claim against Bryant Defendants is for committing fraud upon the court. The Sixth Circuit has recognized that a claim of fraud upon a court cannot be asserted in a later proceeding. *See Lewis v. Walker*, No. 17-6041, 2018 WL 4348063, at *4 (6th Cir. Mar. 15, 2018) ("To the extent that Lewis raised an independent claim of fraud upon the court, it was also subject to dismissal. Lewis cites no authority to support his proposition that a claim of fraud upon the court can be used to recover damages in a § 1983 action for fraud alleged to have occurred in a prior proceeding. Indeed, courts in other circuits have expressly rejected such a proposition."); *Evans v. City of Ann Arbor*, No. 21-10575, 2022 WL 586753, at *6 (E.D. Mich. Feb. 25, 2022) ("[C]ourts within the Sixth Circuit have held that plaintiffs 'may only maintain a fraud upon the court cause of action in the court where the alleged fraud was committed.'" (citing *Stephens v. Nat'l City Corp.*, No. 1:19CV00784, 2020 WL 435439, at *8 (N.D. Ohio Jan. 28, 2020))), *aff'd sub nom. Evans v. City of Ann Arbor*, No. 22-1774, 2023 WL 5146731 (6th Cir. Aug. 10, 2023). Because the alleged fraud upon the court occurred in the bankruptcy court and Griffin is attempting to raise the claim before this Court, Griffin is precluded from asserting the claim in this forum, and the claim is dismissed.

### B.    Plaintiff's Motion for Leave to Serve Defendants

Griffins moved for leave to re-serve Guilfoyle Defendants. (Pl.' Mot. Leave Serve Defs., DN 26). Because the claims against Guilfoyle Defendants are dismissed, this motion is moot.

### C.    Plaintiff's Motion for Leave to File Belated Response

Griffin moved for leave to file a belated response to Guilfoyle Defendants' second motion. (Pl.'s Mot. Leave File Belated Resp., DN 47). In the interest of having the issues fully briefed and without any opposition from Guilfoyle Defendants, this motion is granted.

17

**D.**     **Plaintiff's Motion for Limited *In Camera* Review**

Finally, Griffin has moved for limited in camera review of certain documents. (Pl.'s Mot. Limited In Camera Review, DN 69). Because all claims against all Defendants have been dismissed, this motion is denied as moot.

### III.     CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motions to Dismiss (DN 24, 27, 28, 36) are **GRANTED**, and any claims asserted against James F. Guilfoyle, the Law Office of James Guilfoyle, Lisa K. Bryant, Tilford Dobbins and Schmidt, Sandra D. Freeburger, and Deitz, Shields, Freeburger & Durbin, LLP (f/k/a Deitz, Shields & Freeburger LLP) are **DISMISSED WITH PREJUDICE**.

2. Plaintiff's Motion for Leave to Serve Defendants (DN 26) is **DENIED AS MOOT**.

3. Plaintiff's Motion for Leave to File Belated Response (DN 47) is **GRANTED**.

4. Plaintiff's Motion for Limited *In Camera* Review (DN 69) is **DENIED AS MOOT**.

5. The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
May 4, 2026

cc:     counsel of record
        Plaintiff, *pro se*

18